IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| TERESA VASILEV<br>16059 Ashland Drive<br>Brookpark, OH 44142<br><br>and<br><br>IVAN VASILEV<br>16059 Ashland Drive<br>Brookpart, OH 44142<br><br>    Plaintiffs,<br><br>v.<br><br>MENTOR CORPORATION<br>201 Mentor Drive<br>Santa Barbara, CA 93111<br><br>    Also serve:<br><br>    c/o Statutory Agent<br>    380 Jackson Street, #700<br>    St. Paul, MN 55101<br><br>and<br><br>JOHNSON & JOHNSON, INC<br>One Johnson & Johnson Plaza<br>New Brunswick, NJ 08933<br><br>    Also serve:<br><br>    c/o CT Corporation System<br>    Statutory Agent<br>    818 West Seventh Street<br>    Los Angeles, CA 90017<br><br>    Defendants. | CASE NO:<br><br>JUDGE:<br><br><br>**COMPLAINT** |

Now come Plaintiffs Teresa Vasilev and Ivan Vasilev, by and through undersigned counsel, and for their Complaint against Defendant Mentor Corporation and Johnson & Johnson and hereby state as follows:

1. At all times relevant herein Plaintiffs were residents of the State of Ohio.

2. At all times relevant herein, Defendant Mentor Corporation (hereinafter "Defendant Mentor") was a Minnesota corporation with its principal place of business in California. All acts and omissions of Defendant Mentor as described herein were done by its agents, servants, employees and/or owners, acting in the course and scope of their respective agencies, services, employments and/or ownership.

3. In or about January 2009, Defendant, Johnson & Johnson (herein after "Defendant Johnson"), One Johnson & Johnson Plaza New Brunswick, NJ, 08933, a New Jersey corporation with its principal place of business in New Brunswick, New Jersey, completed an acquisition and merger with Defendant Mentor and upon further information and belief expressly and/or impliedly assumed the liabilities of Defendant Mentor. Therefore, Defendant Johnson is liable as a successor in interest and/or successor corporation for the liabilities and obligations of Defendant Mentor as alleged by Plaintiffs.

4. Plaintiffs are seeking damages in excess of $75,000.00. Subject matter jurisdiction is proper pursuant to 28 U.S. C. Section 1332.

5. A substantial part of the events and omissions giving rise to Plaintiffs' causes of action occurred in the Northern District of Ohio. Defendant Mentor has significant contacts in

Northeastern Ohio. Pursuant to 28 U.S.C. Section 1391(a) venue is proper in the Northern District of Ohio.

## FACTUAL BACKGROUND

6. At all times relevant herein, Defendant Mentor was a manufacturer as defined in O.R.C. Section 2307.71 which designed, produced, created, made, constructed, manufactured and/or assembled a medical device known as "ObTape," a transoburator sling implanted ostensibly to treat certain women like Plaintiff Teresa Vasilev for stress urinary incontinence and placing such devices into the stream of commerce.

7. Defendant Mentor brought the ObTape to market in the United States in 2003 without adequate pre-market testing as to the safety and efficacy of said device (the only pre-market "testing" that Defendant Mentor performed on the ObTape was animal testing - on three rabbits). Even the limited pre-market testing that Defendant did perform revealed that the ObTape caused adverse physiological reaction. After the ObTape was brought to market, Defendant performed no additional safety or efficacy testing regarding said device.

8. Defendant Mentor knowingly and deliberately made material misrepresentations to the federal Food and Drug Administration concerning the design, manufacture, safety and efficacy of the ObTape vaginal sling.

9. Before Plaintiff Teresa Vasilev suffered the injuries complained of herein, Defendant Mentor was on notice of numerous bodily injuries caused by the ObTape, and based thereon, Defendant Mentor knew or should have known that the ObTape caused an unreasonably high rate of vaginal erosion, infection, extrusion, perforation and/or abscess in women implanted with said device.

10. Even though it knew or should have known much earlier than prior to March of 2006 that the ObTape created a foreseeable, unreasonable risk of harm to those women who were implanted with said device, Defendant Mentor failed to stop marketing the Obtape in the United States until in or around March of 2006, and not until after the Defendant Mentor had sold several thousands of these devices in the United States alone, including the ObTape vaginal sling ultimately implanted in Plaintiff Teresa Vasilev.

11. Even after Defendant Mentor ceased marketing the ObTape device in the United States in or around March 2006 because of the numerous injuries caused by the product, Defendant Mentor never provided adequate warning or information to physicians who implanted the device, or to women who were implanted with the device, that the ObTape caused an unreasonably high rate of erosion, infection, extrusion, perforation and/or abscess.

12. On or about August 13, 2004, Plaintiff Teresa Vasilev underwent a surgical procedure at Southwest General Health Center, Middleburg Hts., Ohio to implant her with a Mentor Obtape (hereafter "Subject ObTape"), and on June 24, 2009 Plaintiff Teresa Vasilev underwent a surgery to remove the Subject ObTape that was implanted on August 13, 2004.

13. Subsequently, as a direct and proximate result of the defective condition of the Subject ObTape and other misconduct of Defendant Mentor as described in this Complaint, Plaintiff Teresa Vasilev suffered serious bodily injury, experienced significant mental and physical pain and suffering, has required multiple surgeries, and has sustained permanent injury and other damages.

## FIRST CAUSE OF ACTION
## DEFECTIVE MANUFACTURE (O.R.C. 2307.04)

14. Plaintiffs hereby incorporate by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further allege as follows.

15. The Subject ObTape was defective in manufacture, pursuant to the provision of O.R.C. Section 2307.74.

16. Defendant Mentor's design specifications for the ObTape product called for a minimum pore size of 50 microns in order to promote proper tissue in-growth.

17. When the Subject ObTape left Defendant Mentor's control, it deviated in a material way from Defendant Mentor's design specifications for the ObTape product in that the pores in the Subject ObTape were smaller than 50 microns, which thus prevented proper integration of the sling and impaired necessary tissue in-growth, thereby increasing the likelihood of serious infection such as abscesses, tissue erosion and extrusion.

18. As a direct and proximate result of the defective manufacture of the ObTape, Plaintiff Teresa Vasilev suffered serious bodily injuries, experienced significant mental and physical pain and suffering, has required multiple surgeries, and has sustained permanent injuries, and Plaintiff Teresa Vasilev has incurred lost wages or other benefits of employment and additional incidental expenses, as well as reduced capacity to earn a living and reduced vocational capacity, which are permanent.

## SECOND CAUSE OF ACTION
## DEFECTIVE DESIGN (O.R.C. 2307.75)

19. Plaintiffs hereby incorporate by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further allege as follows:

20. The Subject ObTape was defective in design, pursuant to the provisions of O.R.C. 2307.75, in that at the time the Subject ObTape left Defendant Mentor's control, the foreseeable risks associated with its design exceeded the benefits associated with said design.

21. The material of which the Subject ObTape was constructed (non-woven, microporous, inelastic polypropylene mesh) was inappropriate for use in the human female vaginal area.

22. The pore size of the polypropylene mesh ObTape was insufficient to allow for proper physiological reaction of the body to the device, in that the pore size was too small to permit in-growth of small blood vessels, cells that make collagen, and white blood cells.

23. The inappropriate material and inadequate pore size in the subject sling created a propensity for infection and/or abscess when placed in the human female vaginal area, which consequently resulted in an unreasonably high rate of infection, abscess, erosion or extrusion.

24. The Subject ObTape was not "unavoidably unsafe" within the meaning of O.R.C. 2307.71 because at the time said Subject ObTape left Defendant's control, there was no aspect of that product that was incapable of being made safe.

25. As a direct and proximate result of the defective design of the Subject ObTape, Plaintiff Teresa Vasilev suffered serious bodily injuries, experienced significant mental and physical pain and suffering, has required multiple surgeries, and has sustained permanent injuries, and Plaintiff Teresa Vasilev has incurred lost wages or other benefits of employment and additional incidental expenses, as well as reduced capacity to earn a living and reduced vocational capacity, which are permanent.

## THIRD CAUSE OF ACTION
## INADEQUATE WARNING OR INSTRUCTION  (O.R.C. 2307.76)

26. Plaintiffs hereby incorporate by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further allege as follows:

27. The Subject ObTape was defective by reason of failure of Defendant Mentor to provide an adequate warning or instruction, pursuant to the provisions of O.R.C. 2307.76.

28. Defendant Mentor failed to provide such warning or instruction that a manufacturer exercising reasonable care would have provided to physicians who implanted the ObTape or to those women who had been implanted with an ObTape concerning the following risks, of which Defendant Mentor had actual or constructive knowledge at the time the Subject ObTape left Defendant Mentor's control: the high failure rate of the ObTape product; the high rate of infections and abscesses caused by the product; the ObTape's intolerance or susceptibility to erosion, and the consequential necessity to remove the entire sling from the implantee's body in the event of an erosion; and, that the product was unsafe for the use for which it was intended, that is treatment of female stress urinary incontinence.

29. After receiving notice of numerous bodily injuries resulting from the ObTape product after the ObTape left Defendant Mentor's control, Defendant Mentor failed to provide such post-marketing or post-sale warning or instruction that a manufacturer exercising reasonable care should have provided to physicians who implanted the ObTape or those women who had been implanted with the ObTape that the product was causing an unreasonably high rate of infections, abscesses, erosions and/or extrusions; and Defendant Mentor failed to provide such post-marketing or post-sale warning or instruction concerning the ObTape's intolerance or

susceptibility to erosion and the consequential necessity to remove the entire sling from the implantee's body in the event of an erosion.

30. As a direct and proximate result of Defendant Mentor's inadequate warning and instruction, both at the time of marketing and after the sale of the Subject ObTape, Plaintiff Teresa Vasilev suffered serious bodily injuries, experienced significant mental and physical pain and suffering, has required multiple surgeries, and has sustained permanent injuries, and Plaintiff Teresa Vasilev has incurred lost wages or other benefits of employment and additional incidental expenses, as well as a reduced vocational expenses, which are permanent.

FOURTH CAUSE OF ACTION
NONCONFORMANCE WITH MANUFACTURER'S REPRESENTATIONS (O.R.C. 2307.77)

31. Plaintiffs hereby incorporate by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further allege as follows:

32. The Subject ObTape was defective because it did not conform, when it left the control of Defendant Mentor, to an express representation made by Defendant Mentor, with respect to its character, quality or safety, pursuant to the provisions of O.R.C. 2307.77.

33. Defendant Mentor's design specifications for the ObTape product called for a minimum pore size of 50 microns in order to promote proper tissue in-growth, and Defendant Mentor represented that the ObTape had a minimum pore size of 50 microns.

34. When the Subject ObTape left Defendant Mentor's control, it materially failed to conform with Defendant Mentor's design specifications for and representations regarding the ObTape product in that the pores in said sling were smaller than 50 microns; which thus prevented proper integration of the sling and impaired necessary tissue in-growth, thereby increasing the likelihood of serious infection such as abscesses, tissue erosion and extrusion.

35. As a direct and proximate result of the defective nonconformance with Defendant Mentor's representations, Plaintiff Teresa Vasilev suffered serious bodily injuries, experienced significant mental and physical pain and suffering, has required surgery in the past and will require surgery or surgeries into the future, has sustained permanent injuries, and has incurred lost wages or other benefits of employment and additional incidental expenses, as well as a reduced capacity to earn a living and reduced vocational capacity, which are permanent.

### FIFTH CAUSE OF ACTION
### PUNITIVE DAMAGES (O.R.C. 2307.80)

36. Plaintiffs hereby incorporate by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further allege as follows:

37. Defendant Mentor knew or should have known that the Subject ObTape it supplied, either directly or indirectly, to Plaintiff Teresa Vasilev was defective and presented an unreasonable risk of harm to Plaintiff Teresa Vasilev; and further deliberately made material misrepresentations to the federal Food and Drug Administration concerning the sling's design, manufacture, safety, and efficacy known to be material and relevant to the injuries sustained by Plaintiff Teresa Vasilev.

38. Defendant Mentor's misconduct as described in this Complaint, for which Plaintiffs are entitled to recover compensatory damages, manifested a flagrant disregard of the safety of those persons who might foreseeably have been harmed by the ObTape product, including Plaintiff Teresa Vasilev, which justifies the imposition of punitive damages under O.R.C. 23073.80.

## SIXTH CAUSE OF ACTION
## LOSS OF CONSORTIUM

39. Plaintiffs hereby incorporate by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further allege as follows:

40. At all times relevant herein, Plaintiff Ivan Vasilev is the legal spouse of Plaintiff Teresa Vasilev, and as a direct and proximate result of the above described, Plaintiff Ivan Vasilev has suffered a loss of the consortium, care and society of his wife, Plaintiff Teresa Vasilev, much to his personal loss and damage, with the same expected into the indefinite future.

## SEVENTH CAUSE OF ACTION
## SUCCESSOR LIABILITY AS TO DEFENDANT JOHNSON & JOHNSON

41. Plaintiffs hereby incorporate by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further allege as follows:

42. In or about January 2009, Defendant Johnson, a New Jersey corporation with its principle place of business at One Johnson & Johnson Plaza New Brunswick, New Jersey, 08933, completed an acquisition and merger with Defendant Mentor and upon further information and belief expressly and/or impliedly assumed the liabilities of Defendant Mentor. Therefore, Defendant Johnson is liable as a successor in interest and/or successor corporation for the liabilities and obligations of Defendant Mentor as alleged by Plaintiffs.

43. Upon information and belief, Defendant Johnson expressly and/or impliedly assumed the liabilities and obligations of Mentor for the injuries and damages alleged herein resulting from Plaintiff Teresa Vasilev's use of the subject ObTape.

44. Upon information and belief, Defendant Johnson has continued the business and operation of Defendant Mentor.

45. Therefore, Defendant Johnson is liable to Plaintiffs for the injuries and damages alleged herein as a successor in interest and/or successor corporation of Defendant Mentor named herein.

## **PRAYER FOR RELIEF**

**WHEREFORE**, for the foregoing reasons, Plaintiffs pray for relief as follows:

1. Damages against all Defendants in excess of $75,000.00, and in an amount that is fair and just to compensate Plaintiffs for the damages they have suffered and will continue to suffer as a result of Plaintiff Teresa Vasilev's injuries including, without limitation, economic loss, non-economic loss, and all other damages.

2. Damages against all Defendants based on the intense pain and suffering that Plaintiff Teresa Vasilev endured from the initial onset of her injuries and continued follow up appointments, and for the substantial medical and other expenses, including funeral costs, that Plaintiffs incurred as a result;

3. Punitive damages;

4. Attorneys' fees, expenses, and costs of this action; and

5. Such further relief as this Court deems necessary, just and proper.

## **JURY DEMAND**

Plaintiffs request a trial of all issues herein before a panel composed of the maximum number of jurors allowed by law.

Respectfully submitted,

 /s/  *Robert F. DiCello*
**Mark A. DiCello** #0063924
**Robert F. DiCello** #0072020
THE DICELLO FIRM
7556 Mentor Avenue
Mentor, Ohio  44060
phone: 440-953-8888/fax: 440-953-9138
email:  madicello@dicellolaw.com
          rfdicello@dicellolaw.com
*Counsel for Plaintiff*s